1
2
3
4
5          **UNITED STATES DISTRICT COURT**
6          **DISTRICT OF NEVADA**
7

CHARLES ANTHONY RADER, JR., et al.,

        Plaintiffs,

v.

TEVA PARENTAL MEDICINES, INC., et al.,

        Defendants.

2:10-CV-818 JCM (RJJ)

**ORDER**

Presently before the court is plaintiff Charles Rader's (hereinafter "Rader") motion to remand. (Doc. # 13). Defendants Teva Parenteral Medicine, Inc., Sicor Pharmaceuticals, Inc., Sicor, Inc. Baxter Healthcare Corporation, and McKesson Medical-Surgical, Inc.(hereinafter "Products Defendants") filed their opposition to plaintiff's motion to remand (doc. #16), and defendant Quality Care Consultants, LLC (hereinafter "QCC") filed a joinder to Product Defendants response. (Doc. # 18). Plaintiff Rader filed his reply in support of the motion to remand. (Doc. # 19).

Plaintiff filed his class action complaint in the Eighth Judicial District Court of the State of Nevada, on February 26, 2010, (doc. #1-1) asserting the following claims for relief against Products Defendants: 1) strict product liability; 2) breach of implied warranty of fitness for a particular purpose; 3) negligence; 4) violation of Nevada Deceptive Trade Practices Act; and 5) punitive damages. Plaintiff's claims against defendant QCC were limited to: 1) negligence; 2) violation of Nevada Deceptive Trade Practices Act; and 3) punitive damages.

**James C. Mahan**
**U.S. District Judge**

1  Being the only parties served at the time, Products Defendants filed a petition to remove the action to this court (Doc. #1) on May 28, 2010. Their petition, and later filed statement for removal (doc. #10), alleged that defendant QCC was fraudulently joined, and claimed diversity of citizenship under 28 U.S.C. § 1332 (a) between the properly joined parties. Defendants also based their removal on 28 U.S.C. § 1332 (d), as amended by the Class Action Fairness Act (hereinafter "CAFA"), which provides federal jurisdiction for class action law suits that meet certain prerequisites.

In his motion to remand, plaintiff argues that the parties are not diverse. Specifically, plaintiff asserts that defendant QCC was not fraudulently joined, and that as a Nevada limited liability company, its citizenship destroys complete diversity. Further, he contends that the amount in controversy is not met and is based on speculation. Although plaintiff Rader does not dispute that this action meets the requirements of CAFA, he points out exceptions to it under 28 U.S.C. § 1332(d)(4) and (d)(3), and alleges that they are applicable to this case. Thus, plaintiff claims removal to this court was improper and that remand is necessary.

As Products Defendants demonstrate in their opposition for remand (doc. #16), which was later joined by QCC (doc. #18), there are several prerequisites which must be met before the CAFA exceptions apply.

Pursuant to 28 U.S.C. § 1332(d)(4)(A), "[a] district court shall decline to exercise jurisdiction...over a class action in which" four criteria are all met: (1) "greater than two-thirds of the members" of the putative class "are citizens of the State in which the action was originally filed"; (2) at least one defendant meets criteria discussed below; (3) "principal injuries resulting from the alleged conduct...were incurred in the state in which the action was originally filed"; and (4) during the 3 year period preceding the filing of that class action, no other class actions has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other person."

Under 28 U.S.C. § 1332(d)(4)(A)(i)(II), which relates to section (2) above, one defendant must be (a) "a defendant from whom significant relief is sought"; (b) "a defendant whose conduct forms a significant basis for the claims asserted by the proposed plaintiff class"; and (c) "a defendant

**James C. Mahan**
**U.S. District Judge**

- 2 -

who is a citizen of the state in which the action was originally filed."

The 28 U.S.C. § 1332(d)(4)(B) exception states that a district court shall decline to exercise jurisdiction where two-thirds of the members of the putative class and the primary defendants are citizens of the state in which the action was originally filed. Courts have agreed, that the term primary generally means **all** defendants, or those who are the **target** of the lawsuit. *Corsino v. Perkins,* 2010 WL 317418 at 5 (C.D. Cal Jan. 19. 2010).

All parties agree that the two-thirds requirement is met for all the CAFA exceptions. However, the plaintiff has failed to adequately show how defendant QCC is a either a defendant from whom a 'significant relief is sought,' 'a defendant whose conduct forms a significant basis for the claims asserted by the proposed plaintiff class,' or how it is a 'primary' defendant. The primary defendants, the **targets** of the lawsuit, are all citizens of other states. Thus, this court is not inclined to rule that one of the CAFA exceptions is applicable.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to remand (doc. #13) be, and the same hereby is, DENIED.

DATED August 27, 2010.

_____
**UNITED STATES DISTRICT JUDGE**