UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES ANTHONY RADER, JR., et al., <br><br>     Plaintiffs, <br><br> v. <br><br> TEVA PARENTAL MEDICINES, INC., et al., <br><br>     Defendants. | 2:10-CV-818 JCM (RJJ) |

**ORDER**

Presently before the court is defendants Teva Parenteral Medicine, Inc., Sicor Pharmaceuticals, Inc., Sicor, Inc., Baxter Healthcare Corporation, and McKesson Medical-Surgical, Inc.'s emergency motion to stay proceedings. (Doc. #49). Plaintiff Charles Anthony Rader Jr. filed an opposition to the motion. (Doc. #50). Defendants filed a reply (doc. #51) and a notice of supplemental authority in further support of their motion (doc. #52).

In the present motion (doc. #49), defendants assert that the case should be stayed because "[t]he Supreme Court has just recently agreed to decide the precise legal issue that lies at the core of the pending summary judgment motions in the instant proceedings." Specifically, one of the grounds for summary judgment is that plaintiff's state law "failure-to-warn" claim is preempted by federal law, and to date, "the Supreme Court has not ruled on how preemption analysis applies to state-law claims against genertic drug manufacturers such as those [p]laintiff asserts in this case." The defendants assert that "judicial economy will be best served" if the court stays the present

**James C. Mahan**
**U.S. District Judge**

1  proceedings until the Supreme Court has made its decision in the cases[1] before it.

2  Defendants assert that the Supreme Court's opinion will be "directly relevant to this [c]ourt's
3  ruling on both pending motions for summary judgment as well as future pretrial motions that
4  concern, among other things, preemption of state-law failure to warn claims against generic
5  manufacturers, the relevance of the FDA's regulatory framework for generic drugs, and the [p]roduct
6  [d]efendants' compliance with the appliable FDA regulations." The defendants further assert that
7  even if the opinion of the Supreme Court is not dispositive of the claims in this case, that "it will
8  certainly define the permissible scope of [p]laintiff's claims more clearly."

9  In the opposition to the motion to stay (doc. #50), plaintiff correctly asserts that his claims
10 "extend beyond a strict products liability 'failure-to-warn' claim," and include claims for breach of
11 warranty, negligence, and violations of NRS Ch. 598- Nevada's Deceptive Trade Practice Violations
12 Act. Further, plaintiff asserts that the Supreme Court's ultimate decision will *not* be dispositive of
13 the case even if it is in defendant's favor. Plaintiff relies on a state court ruling (doc. #50-1) which
14 denied a stay in a related endoscopy case before the Eighth Judicial District Court in asserting that,
15 as in the related case, a stay of the present case is not warranted.

16 However, as defendants assert, the ruling in the related endoscopy case is distinguishable
17 from the present case because the state court motion to stay involved a stay of the all related cases
18 pending in state court, which is over 200 cases. Therefore, the court is not inclined to agree with
19 plaintiff as to the applicability of the sate court's ruling to the present motion.

20 As the parties concede, the pending motion (doc. #34) and cross-motion for summary
21 judgment (doc. #41) do in fact deal with federal preemption, which is the very issue that the Supreme
22 Court will be deciding. However, the court also recognizes that there are three other claims in this
23 case that do not depend on the outcome of the Supreme Court, and that there is no just reason to
24 delay the proceedings with regards to these claims. For this reason, the court is not inclined to stay

25

26

27 [1] The United States Supreme Court granted certiorari in three cases, *Pliva Inc., et al v. Mensing,* (Case No. 09-933), *Actavis Elizabth, LLC v. Mensing* (Case No. 09-1039) and *Actavis, Inc.
28 v. Demahy* (Case No. 09-1501). The cases were consolidated for briefing and argument.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  the entire proceeding while the Supreme Court rules on the preemption issue.

2      Further, and even more compelling to the court, is the Ninth Circuit's precedent regarding the issue of federal preemption. On January 24, 2011, the United States Ninth Circuit Court of Appeals held that federal law does not preempt state law failure-to-warn claims against generic manufacturers. *Gaeta v. Perrigo Pharmaceuticals Company*, --- F.3d ----, 2011 WL 198420 (C.A.9 (Cal.)), 11 Cal. Daily Op. Serv. 987, 2011 Daily Journal D.A.R. 1269. That ruling is controlling precedent on this court.

    Accordingly,

    IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendants Teva Parenteral Medicine, Inc., Sicor Pharmaceuticals, Inc., Sicor, Inc., Baxter Healthcare Corporation, and McKesson Medical-Surgical, Inc.'s emergency motion to stay proceedings (doc. #49) be, and the same hereby is, DENIED.

    DATED February 3, 2011.

                                        */s/ James C. Mahan*
                                      **UNITED STATES DISTRICT JUDGE**